**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**
**CIVIL ACTION NO.: _____________**

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, as subrogee of Groff Tractor Mid Atlantic, LLC and Groff Tractor Holdings, LLC<br>One Tower Square<br>Hartford, Connecticut 06183 | ) |
| Plaintiff, | ) |
| | ) **(JURY TRIAL DEMANDED)** |
| vs. | ) |
| IACOBONI SITE SPECIAIST, INC.,<br>9301 Philadelphia Road<br>Baltimore, Maryland 21237 | ) |
| Serve:<br>Anthony J. DiPaula, Resident Agent<br>34 S. Main Street<br>Bel Air, Maryland 21014 | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW the Plaintiff, THE CHARTER OAK FIRE INSURANCE COMPANY, as subrogee of Groff Tractor Mid Atlantic, LLC., ("Charter Oak"), by and through its undersigned attorneys, and for its complaint against defendant IACOBONI SITE SPECIAIST, INC, would respectfully show this Court the following:

**THE PARTIES**

1. Plaintiff Charter Oak is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in One Tower Square, Hartford, Connecticut. Charter Oak is in the business of writing property and casualty insurance coverage,

including fire loss coverage, and is duly licensed and authorized to conduct business in the State of Maryland. At all relevant times, Charter Oak insured Groff Tractor Mid Atlantic, LCC's business personal property under policy No.: Y-630-6X245721-COF-24.

2. At all relevant times, Plaintiff's subrogor, Groff Tractor Mid Atlantic, LLC ("Groff") was a Texas limited liability company, engaged as a heavy construction equipment dealer, having its principal place of business at 2300 Eskow Avenue, Baltimore, Maryland 21227. At all relevant times, Groff was 100% owned by Groff Tractor Holdings, LLC, a holding company.

3. Defendant Iacoboni Site Specialists, Inc. ("Iacoboni") is a Maryland corporation with a principle place of business at 9301 Philadelphia Road, Baltimore, Maryland 21237. At all times relevant hereto, Iacoboni was engaged in the business of commercial site development and heavy civil construction, including site preparation, excavation, grading, demolition, utility installation, storm-drain installation, and paving. Iacoboni may be served with process by serving its resident agent at: Anthony J. DiPaula, 34 S. Main Street, Bel Air, Maryland 21014.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendant.

5. Venue is appropriate in the United States District Court for the District of Maryland, Northern Division pursuant to 28 U.S.C. §1391, in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in the District of Maryland, Northern Division.

## FACTUAL ALLEGATIONS

6. At all relevant times, Groff owned a 2023 iRock TC-20 S/N: 10048200 (the "Equipment" or "Machine"). The Equipment is a large, mobile rock/concrete crushing machine

7. On or about October 22, 2024, Groff rented the Equipment to Iacoboni from October 23, 2024 to November 19, 2024 pursuant to a written Rental Agreement ("Rental Agreement"). The Rental Agreement is attached as Exhibit "1".

8. The Terms and Conditions of the Rental Agreement were negotiated between Groff and Iacoboni.

9. The Rental Agreement's Terms and Conditions provide, among other provisions, that:

a. "Customer ["Iacoboni"] agrees that the Equipment shall be used solely in the conduct of Customer's business and within Customer's possession and under its control, and that said Equipment will be operated by competent employees of Customer". ¶7. Use of Equipment.

b. "When the Equipment is not in use, it will be kept in a protected area". ¶7. Use of Equipment.

c. "Customer shall, at its expense, at all times during the term hereof, maintain each item of Equipment in good operating order, repair and appearance…". ¶8. Maintenance and Expenses.

d. "Customer agrees to maintain said Equipment in the same condition as delivered to it by Groff …". ¶8. Maintenance and Expenses.

e. "Customer agrees to indemnify and hold Groff harmless from property damage, … arising … out of Customer's use, control, or possession of the Equipment". ¶10. Indemnification.

f. "Customer shall be liable for any and all injury, and damage to said Equipment from whatever cause". ¶10. Indemnification.

g. "Customer agrees to reimburse Groff for all losses and damages to Equipment leased occasioned by fire … that may occur during the lease term". ¶11. Loss of Equipment.

h. "Customer will pay Groff the then full replacement list value together with the full regular rental rate until such Equipment is replaced". ¶11. Loss of Equipment.

10. At all relevant times, the market value of the machine was $980,500.00.

11. Prior to and on November 14, 2024, Iacoboni was using the Equipment as part of the construction of a Walmart development site at 2800 Eastern Boulevard, Middle River, Maryland 21220 ("the job site").

12. On or about November 14, 2024, while the Equipment was in Iacoboni's exclusive custody, care, possession, and control, a fire originated within the Equipment and substantially destroyed it.

13. The Baltimore County Fire and Police responded to the fire and found the Equipment running with the keys in the ignition.

14. At the time of the Fire, the Equipment was not being operated for its intended purpose at the time of the fire, and the job site had closed for the day.

15. The destruction of the Equipment occurred while it was in Iacoboni's exclusive possession and control and during the term of the Rental Agreement.

16. As a direct and proximate result of Iacoboni's failure to exercise reasonable care in its custody, possession, use, and control of the Equipment, the Equipment was substantially destroyed, and Groff sustained a loss for which Charter Oak provided insurance coverage.

17. Pursuant to its policy of insurance, Charter Oak paid Groff $980,000.00 for the loss of the Equipment and, as a result, is subrogated to Groff's rights and claims against Iacoboni to the extent of that payment.

**COUNT I – BREACH OF CONTRACT**

18. Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Defendant, in its use, occupation and possession of the Equipment had a duty to comply with the terms and conditions of the Rental Agreement.

20. Defendant, because of its conduct, breached the Rental Agreement by, among other things:

a. Failing to use the Equipment solely in the conduct of Iacoboni's business and within Iacoboni's possession and under its control.

b. Failing to operate the Equipment by competent employees.

c. Failing to keep the Equipment in a protected area when not in use.

d. Failing to maintain the Equipment in good operating order, repair and appearance.

e. Failing to maintain said Equipment in the same condition as delivered to its by Groff.

f. Failing to indemnify and hold Groff harmless from property damage arising out of Iacoboni's use, control, or possession of the Equipment.

g. Failing to reimburse Groff for all losses and damages to the Equipment that occurred during the lease term.

h. Failing to pay Groff the Equipment's full replacement list value.

21. As a direct and proximate result of Defendant Iacoboni's breach of its Rental Agreement, Plaintiff Charter Oak suffered damages in an amount of Nine Hundred Eighty Thousand Dollars ($980,000.00).

WHEREFORE, Plaintiff seeks relief as follows:

1. That this Court enters Judgment in favor of Plaintiff Charter Oak Fire Insurance Company and against Defendant Iacoboni in the amount of Nine Hundred Eighty Thousand Dollars ($980,000.00), together with pre-judgment interest and its attorneys' fees, as allowed by law.

2. That Plaintiff recovers its costs from defendant.

3. For such other and further relief as this Court deems just and proper.

**COUNT II – BAILMENT**

22. Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

23. At all relevant times, Groff entrusted the Equipment to Defendant Iacoboni pursuant to the Rental Agreement for Iacoboni's use, possession, and control during the rental term.

24. By accepting possession of the Equipment, Iacoboni became a bailee of the Equipment and assumed a duty to exercise reasonable care for its custody, use, protection, maintenance, and preservation while it remained in Iacoboni's possession and control.

25. At all relevant times, the Equipment remained the property of Groff and was within the exclusive custody, care, possession, and control of Iacoboni.

26. Iacoboni breached its duties as bailee and failed to exercise reasonable care for the Equipment, including, but not limited to:

a. Failing to properly secure and protect the Equipment when it was not in use;

b. Allowing the Equipment to remain running after the workday had ended and the job site had closed;

c. Failing to properly shut down, monitor, and safeguard the Equipment;

d. Failing to take reasonable measures to protect the Equipment from fire and other foreseeable hazards;

e. Failing to properly maintain and operate the Equipment;

f. Failing to maintain the Equipment in substantially the same condition in which it was received from Groff;

g. Failing to exercise reasonable care under the circumstances for the custody, protection, and preservation of the Equipment; and

h. Otherwise failing to use reasonable care in its possession, custody, control, and use of the Equipment.

27. As a direct and proximate result of Iacoboni's breach of its duties as bailee, Plaintiff has suffered damages in the amount of $980,000.00.

WHEREFORE, Plaintiff seeks relief as follows:

1. That this Court enters Judgment in favor of Plaintiff Charter Oak Fire Insurance Company and against Defendant Iacoboni in the amount of Nine Hundred Eighty Thousand Dollars ($980,000.00), together with pre-judgment interest and its attorneys' fees, as allowed by law.

2. That Plaintiff recovers its costs from defendant.

3. For such other and further relief as this Court deems just and proper.

This the 17th day of September, 2026.

SALTZ NALIBOTSKY

*/s/ Albert S. Nalibotsky*
Albert S. Nalibotsky, Esquire
Maryland Bar No.: 17719
6101 Carnegie Boulevard, Suite 440
Charlotte, North Carolina 28209
Phone: 704-910-2680
Email: analibotsky@s-nlaw.com
*Counsel for Plaintiff*